USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RICHARD PETERS,

                Petitioner,

                                           06 Civ. 7096 (DAB)
    -against-                           MEMORANDUM & ORDER

STATE OF NEW YORK,

                Respondent.
----------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Before the Court is Petitioner's application for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 seeking to vacate his New York state criminal convictions. For the reasons set forth below, the Petition is DENIED.

## BACKGROUND

    In 2000, Petitioner participated in "an on the job hazing incident at Footlocker." (Pet. at 1.) Petitioner, acting in concert with others, "restrained [ ] two [coworkers] while severely beating them and confining them under conditions that created a danger of suffocation." People v. Peters, 767 N.Y.S.2d 433, 434 (1st Dept. Nov. 25, 2003). Specifically, Petitioner was accused of "binding the victims' mouths, hands and feet with tape, placing a plastic bag over one victim's head, and placing the other victim inside a cardboard box." Id.

On March 23, 2001, after a non-jury trial, Petitioner was convicted in New York County Supreme Court of two counts each of unlawful imprisonment in the first degree and assault in the third degree. (Pet. at 2.) Judge Ira Beal sentenced Petitioner to a conditional discharge with seventy hours of community service. (Id.) The Appellate Division unanimously affirmed Petitioner's conviction, noting that Petitioner "participated in serious and violent attacks on [ ] two victims, and his behavior far exceeded horseplay or practical jokes." Peters, 767 N.Y.S.2d at 434, denying leave to appeal, 1 N.Y.3d 632 (2004). Petitioner's sentence expired in March 2004. (Pet. at 14.)

On January 28, 2005, Petitioner filed a Motion to Vacate Judgment pursuant to N.Y. Crim. Proc. Law § 440.10 in New York County Supreme Court. (Pet. at 3-4.) Petitioner raised five claims, including: (1) the discovery of new evidence that purportedly undermines the testimony that one of Petitioner's victims gave at trial regarding the seriousness of the victim's injuries; (2) the possibility that the prosecuting Assistant District Attorney withheld information from Petitioner that one of the victims had retained counsel during the criminal trial in anticipation of filing a civil suit; and (3) that the trial judge's finding that the victims had suffered serious harm was legally insufficient. (Id. at 4-5.) On February 9, 2006, the

2

trial court denied Petitioner's Motion to Vacate Judgment. (Id. at 5.)  On May 18, 2006, the Appellate Division denied Petitioner's Motion for Leave to Appeal the denial of his § 440.10 motion. (Id. at 6.)

On September 15, 2006, Petitioner filed the instant Petition seeking the issuance of a writ of error coram nobis vacating his 2001 state court conviction or, in the alternative, the state court's denial of his § 440.10 motion in February 2006. (Id. at 8.)  Petitioner seeks to vacate the convictions because he hopes to practice law in the future but believes that his felony convictions will hurt his chances of being admitted to law school and to the bar.  (Peters Aff. at 4.)

Petitioner challenges his state court conviction on the grounds that: (1) he was denied his due process rights because one of the prosecution's witnesses testified falsely, as allegedly later revealed by contradictory testimony provided in a civil suit; and (2) the record was legally insufficient to support a conviction on either of the two counts of unlawful imprisonment. (Id. at 10, 12.)  Petitioner also challenges the state court's denial of his Motion to Vacate Judgment, arguing that the soundness of his original conviction depends on whether one of his accusers had, at the time of trial, retained counsel

3

in anticipation of filing a civil suit and whether the prosecutor had concealed this information from him. (Id. at 11.)

## DISCUSSION

In United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that federal courts are authorized to grant the ancient writ of error coram nobis under the terms of the All Writs Act.[1] See Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998). "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Fleming, 146 F.3d at 89-90.

A writ of error coram nobis is not, however, "a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and citations omitted); see Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992) (opining that a writ of error coram nobis should be granted "only where extraordinary circumstances are

---

[1] The All Writs Act provides, in relevant part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid or their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

present"). "In reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (citing Nicks, 955 F.2d at 167). To obtain coram nobis relief a petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Foont, 93 F.3d at 79.

Petitioner's application for a writ of coram nobis seeks to challenge the judgments of a state court. Federal courts, however, cannot issue writs of coram nobis with respect to state court judgments. See Cruz v. The People of the State of New York, 2004 WL 1516787 at *3 (S.D.N.Y. July 6, 2004) ("a federal court has the power to re-examine prior decisions rendered only by that federal court"). Indeed, the Second Circuit recently expressly adopted the view of its Sister Circuits that "district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts." Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) (citing Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962); Sinclair v. Louisiana, 679 F.2d 513, 514

5

(5th Cir. 1982); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992)). The Second Circuit noted that as "a historical matter, the writ of coram nobis was used by a court to correct its own errors" and that "at common law, the writ was used by a court in cases within its own jurisdiction, not to correct errors in other jurisdictions." Id. at 133. It is clear, moreover, that "'the All Writs Act does not confer jurisdiction on the federal courts.'" Id. at 134 (quoting Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002)). The Court therefore lacks jurisdiction over the instant Petition for a writ of coram nobis because it seeks to set aside the judgments of a state court. Accordingly, the Petition is DISMISSED. See Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

## CONCLUSION

Accordingly, for the reasons stated above, Petitioner's application for a writ of coram nobis is DENIED. The Clerk of Court is directed to close the docket in this matter.

SO ORDERED.

Dated: New York, New York
July 9, 2007

Deborah A. Batts
United States District Judge